# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE P3 HEALTH GROUP HOLDINGS, LLC | ) ) | Consol. C.A. No. 2021-0518-JTL |

## ORDER DISMISSING COUNT IX AS TO LORIE GLISSON

1. Before the transaction challenged in this litigation, P3 Health Group Holdings, LLC (the "Company" or "P3") was a privately held company controlled by Chicago Pacific Fund, L.P., a private equity fund. The holders of Class C units of the Company designated Lorie Glisson as a member of the Company's board of managers (the "Board"). Glisson was also a senior officer with the Company. *See* AC ¶ 11.

2. Hudson Vegas Investment SPV, LLC ("Hudson") was a minority investor in the Company. In this litigation, Hudson has challenged a transaction between the Company and a special purpose acquisition company.

3. Count V of the amended complaint asserts a claim for bad faith breach of the Company's LLC agreement against Glisson and other members of the Board. AC ¶¶ 123–37. Count IX of the amended complaint asserts a claim for breach of fiduciary duty against Glisson and other officers of the Company. *Id.* ¶¶ 155–59.

4. Glisson has moved to dismiss all claims against her under Court of Chancery Rule 12(b)(6) for failing to state a claim on which relief can be granted. Dkt. 132.

5. Hudson has conceded that Count IX fails to state a claim for breach of fiduciary duty against Glisson. Dkt. 147 at 43. Hudson has not made a similar concession regarding Count V, which the court will address separately.

6. Hudson requests that the court dismiss Count IX as to Glisson without prejudice. Glisson alleges that dismissal with prejudice is appropriate under Court of Chancery Rule 15(aaa).

7. Court of Chancery Rule 15(aaa) provides that

> a party that wishes to respond to a motion to dismiss under Rules 12(b)(6) or 23.1 by amending its pleading must file an amended complaint, or a motion to amend in conformity with this Rule, no later than the time such party's answering brief in response to either of the foregoing motions is due to be filed. In the event a party fails to timely file an amended complaint or motion to amend under this subsection (aaa) and the Court thereafter concludes that the complaint should be dismissed under Rule 12(b)(6) or 23.1, such dismissal shall be with prejudice (and in the case of complaints brought pursuant to Rules 23 or 23.1 with prejudice to the named plaintiffs only) unless the Court, for good cause shown, shall find that dismissal with prejudice would not be just under all the circumstances. Rules 41(a), 23(e) and 23.1 shall be construed so as to give effect to this subsection (aaa).

Ch. Ct. R. 15(aaa).

8. The upshot of Rule 15(aaa) is that "when a court dismisses a complaint after full briefing in the absence of a timely motion to amend, the dismissal shall be with prejudice unless the plaintiff can show good cause why dismissal with prejudice would not be just under all the circumstances." *E. Sussex Assocs. LLC v. W. Sussex Assocs. LLC*, 2013 WL 2389868, at *1 (Del. Ch. June 3, 2013) (cleaned up).

9. Hudson does not plead any facts showing good cause for dismissal without prejudice. Hudson makes only the conclusory assertion that "[d]ismissal with prejudice would not 'be just under the circumstances.'" Dkt. 147 at 43 (quoting *Zimmerman ex rel. Priceline.com, Inc. v. Braddock*, 2002 WL 31926608, at *12 & n.76 (Del. Ch. Dec. 20, 2002)).

10. Conclusory assertions that a with-prejudice dismissal would be unjust are not sufficient to establish good cause under Rule 15(aaa). *See Ellis v. Gonzales*, 2018 WL 3360816, at *12 (Del. Ch. July 10, 2018) (denying a request that dismissal be without prejudice because "Plaintiff has not even attempted to make the required showing of good cause why dismissal with prejudice would not be just under all the circumstances." (internal quotations omitted)). The possibility that discovery may uncover a claim is not sufficient to warrant a without-prejudice dismissal. *See Quadrant Structured Prods. Co., Ltd. v. Vertin*, 2014 WL 5465535, at *5 (Del. Ch. Oct. 28, 2014).

11. The dismissal of Count IX as to Glisson is a prejudgment ruling. "Prejudgment orders remain interlocutory and can be reconsidered at any time, but efficient disposition of the case demands that each stage of the litigation build on the last, and not afford an opportunity to reargue every previous ruling." *Siegman v. Columbia Pictures Ent., Inc.*, 1993 WL 10969, at *3 (Del. Ch. Jan. 15, 1993) (quoting 1B Moore's Federal Practice ¶ 0.404[1], at 117–18 (1992))). "Subject to the law of the case doctrine, [interlocutory rulings] can be revisited should future developments, including evidence generated by the discovery process, provide a compelling reason for doing so." *Quadrant*, 2014 WL 5465535, at *5 (citing *Zirn v. VLI Corp.*, 1994 WL 548938, at *2 (Del. Ch. Sept. 23, 1994) (Allen, C.)). If discovery uncovers a basis to assert a claim against Glisson, then Hudson may seek to revisit the dismissal and overcome the law of the case doctrine for good cause shown. *See In re Mindbody, Inc., S'holder Litig.*, 2021 WL 5834263, at *2, 5 (Del. Ch. Dec. 9, 2021) (permitting plaintiff to assert a post-discovery claim against party

who previously was dismissed with prejudice at the pleading stage and denying renewed motion to dismiss). Glisson is on notice of that possibility.

12. Count IX is dismissed with prejudice as to Glisson.

*/s/ J. Travis Laster*
Vice Chancellor Laster
October 27, 2022